ORDER ON PETITIONS TO REHEAR
After issuance of the Court’s Opinion in this appeal, both the City and the Plaintiffs filed petitions to rehear. We address herein the issues raised by the parties.
In its petition to rehear, the City notes that Tennessee Code Annotated § 6-58-106(a)(1)(B) defines the entire urban growth area as territory contiguous to the existing boundaries of the subject municipality. Asserting that the word “contiguous” in T.C.A. § 6-58-106(a)(l)(B) is synonymous with the word “adjoining” in T.C.A. § 6 — 51—102(a)(1), the City now argues that the City’s entire urban growth boundary area should be considered to be “adjoining” the municipality’s existing boundaries within the meaning of T.C.A. § 6-51-102(a)(l).
From the Court’s review of the City’s brief, it appears that the City makes this argument for the first time in its petition to rehear. Nevertheless, we exercise our discretion to consider it. We respectfully decline to adopt the City’s argument. The Town of Bartlett case was decided in 1972, interpreting the very language at issue in this appeal. When Tennessee Code Annotated § 6-58-106 was enacted by the Legislature in 1998, the Legislature chose to leave intact the language in Section 6-51-1092(a)(1), with full knowledge of the Court’s construction of this language in Town of Bartlett. Moreover, the language in Section 6-58-106(a)(l)(B) does not indicate legislative intent to address and legislatively “reverse” the Court’s decision in Town of Bartlett. For these reasons, the City’s argument must be rejected.
In the Plaintiffs’ petition to rehear, they contend that the statutory requirements for the plans of service were not met. We find that the Plaintiffs’ arguments on this issue were fully considered in the Court’s Opinion, and decline to reconsider them.
*608 The City further contends in its petition to rehear that subareas 4 and 5 are not at issue because the trial court found that the Plaintiffs lacked standing to challenge the annexation of these areas, and this holding was not appealed by the Plaintiffs. The City also contends in its petition to rehear that subarea 17 actually adjoins the City’s existing boundaries.
In its Opinion, this Court held that the City cannot lawfully annex the subareas that do not immediately adjoin the City’s boundary as it existed at the time the annexation ordinances were passed. This Court did not specify (a) which subareas are no longer at issue, by virtue of the trial court’s unappealed rulings or otherwise, or (b) which subareas in fact immediately adjoin the City’s boundary. To clarify, on remand, these issues may be considered by the trial court, in its discretion, and therefore will not be determined by this Court in response to the petitions to rehear.
We respectfully decline to adopt the remaining arguments set forth in the parties’ petitions to rehear.
For the reasons set forth above, both parties’ petitions to rehear are hereby DENIED.
It is SO ORDERED.